UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC LOFTON, | ] | |
| | ] | |
| Plaintiff | ] | |
| | ] | |
| v. | ] | Civil Action No.   1:14-cv-03640-ODE-GGB |
| | ] | |
| DESIGNER SHOE WAREHOUSE, INC., | ] | |
| | ] | |
| Defendant. | ] | |

# DEFENDANT'S RESPONSE[1] TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ATTORNEY'S FEES

Plaintiff Motion for Default Judgment is baseless. Plaintiff did not properly serve a corporation in this case until December 3, 2014. After service on December 3, 2014, Defendant timely responded to the Complaint on December 24, 2014. As explained in more detail below, given that Defendant timely responded to Plaintiff's Complaint this Motion should be denied. Defendant also requests that the Court order Plaintiff's counsel to pay Defendant's attorneys' fees' for responding to this Motion.

---

[1] To this day, Plaintiff has not served a copy of the motion for default judgment on Defendant. After a telephone conference with the Court regarding the Motion for Default were unsuccessful in resolving Plaintiff's Motion, this Court requested that Defendant respond to the Motion by January 30, 2015.

1

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff re-filed[2] this lawsuit on November 12, 2014 naming Designer Shoe Warehouse, Inc. as the Defendant.  (See Dkt. No. 1.)   Plaintiff worked for DSW Shoe Warehouse, Inc.[3] which is also identified in Georgia as DSW Shoe, Inc. Designer Shoe Warehouse, Inc. and DSW Shoe, Inc. are two different companies (with no affiliation or relationship) and with different registered agents.   On November 13th and 25th, 2014, this Court issued a service of summons for Designer Shoe Warehouse, Inc.  (Dkt. No. 2 and 5.)

On November 25, 2014, Plaintiff served the Service of Summons listing Designer Shoe Warehouse, Inc. on Corporation Service Company ("CSC").   (See Ex. A to R. Gal's Declaration[4].)   Because CSC was not the registered agent for

---

[2] Plaintiff's initial lawsuit was filed against DSW, Inc. on September 23, 2013.  The lawsuit was never served. This Court dismissed Plaintiff's original lawsuit without prejudice on July 16, 2014.

[3] Plaintiff named the wrong company in his Complaint and service of summons. DSW Shoe Warehouse, Inc. should be the named Defendant in this case.

[4] R.Gal's Declaration is attached as Exhibit 1.

Designer Shoe Warehouse, Inc.[5], CSC sent Plaintiff a rejection letter.  (See Ex. A to Exhibit 1 (R. Gal's Declaration.)   The rejection letter explained:

> According to our records and the records at the Secretary of State, or other appropriate state agency, we are not the registered agent for the company you are trying to serve. It is your responsibility to verify this information with the Secretary of State or other appropriate state agency.

On November 25, 2014, Plaintiff incorrectly filed a return of service with the Court asserting that Designer Shoe Warehouse, Inc. was properly served on November 25, 2014.  (Dkt. No. 4.)

Realizing that Defendant was improperly served (and that he named the wrong party), Plaintiff changed the name on the service of summons to indicate that DSW Shoe, Inc., was the defendant ("Second Service of Summons").[6]   On December 3, 2014, Defendant served the Second Service of Summons with the Complaint on CSC[7]. (See Ex. D to Exhibit 1.)   Because DSW Shoe, Inc.'s[8]

---

[5] The registered agent for Designer Shoe Warehouse, Inc. listed on the Georgia Secretary of State's website is Cecilia Zachary at 6135 Jimmy Carter Blvd., STE C, Norcross, Georgia 30071.  (See Ex. B to Exhibit 1.)

[6] Specifically, Plaintiff used the summons issued by the Court on November 13, 2014 for the Second Service of Summons.  Plaintiff crossed out the name Designer Shoe Warehouse, Inc. and wrote-in the name DSW Shoe, Inc.  (See Ex. C to Exhibit 1.)

[7] CSC's agent is located at 40 Technology Parkway South Suite 300, Norcross, GA 30092 Gwinnett County, Georgia 30092.  (See Ex. D to Exhibit 1.)

[8] The corporate name where Plaintiff worked is actually "DSW Shoe Warehouse, Inc."

3

registered agent is CSC, CSC accepted service. (See Exs. C and D to Exhibit 1.) Plaintiff never alerted the Court that he served the Second Service of Summons and Complaint on DSW Shoe, Inc. on December 3, 2014.

CSC alerted DSW Shoe, Inc. on December 3, 2014 that it had been served with the Second Service of Summons. (See Ex. C to Exhibit 1.) DSW Shoe, Inc. hired the undersigned counsel to represent them. Defendant's attorney contacted Plaintiff's counsel on December 18, 2014, alerting Plaintiff's counsel that Plaintiff had incorrectly disclosed to the Court that service took place on November 25, 2014, and confirming that the correct service date was actually December 3, 2014. Plaintiff's counsel confirmed that Defendant was actually served on December 3, 2014. Defendant's attorney confirmed the conversation on December 18, 2014 with an e-mail. (See Ex. E to Exhibit 1.)

In spite of these facts and written proof of the communications affirming them, Plaintiff filed a motion for default judgment on December 23, 2014. (Dkt. No. 6.) Plaintiff did not serve the motion for default on Defendant, instead Plaintiff claims that he mailed the motion to CSC. (Dkt. No. 6, p. 5) Defendant timely filed its motion to dismiss on December 24, 2014. (Dkt. No. 7.) Defendant first learned that Plaintiff filed a motion for default judgment when Plaintiff filed an opposition to Defendant's Motion to Dismiss. (Dkt. No. 9.)

Defendant contacted the Court and requested a telephone hearing so as to not waste judicial resources and to reduce attorney's fees.  Defendant believed it could resolve this matter in a telephone hearing because it was very obvious that no company was properly served until December 3, 2014.[9]  Plaintiff did not want to resolve this issue at the hearing and requested that the Defendant respond to the instant motion.  The Court requested that Defendant respond to the Motion for Default Judgment by January 30, 2015.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A. Defendant Timely Responded to the Complaint

Under the Federal Rules of Civil Procedure a plaintiff can properly serve summons to a corporation in the following manner:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>       (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

---

[9] Defendant believed that this issue was already resolved on December 18, 2014.

> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED. R. CIV. PRO. 4(h)(1)(B).

Plaintiff incorrectly claims that he served Designer Shoe Warehouse, Inc.'s registered agent on November 25, 2014. According to the Secretary of State's website, Designer Shoe Warehouse, Inc.'s registered agent is located at Cecilia Zachary at 6135 Jimmy Carter Blvd., STE C, Norcross, Georgia 30071. (Exhibit B.) Plaintiff concedes that he served the Complaint on Designer Shoe Warehouse, Inc. on November 25, 2014 at 40 Technology Parkway South Suite 300, Norcross, GA 30092 Gwinnett County, Georgia 30092, which is the address for CSC's agent. Because that address was not Designer Shoe Warehouse, Inc.'s registered agent, Plaintiff did not properly perform service on November 25, 2014.

Plaintiff's Second Service of Summons named DSW Shoe, Inc. as the Defendant. Plaintiff served the Second Service of Summons on December 3, 2014 at CSC. Because DSW Shoe, Inc.'s registered agent in Georgia is CSC, Plaintiff properly served the complaint on DSW Shoe, Inc. on December 3, 2014. Pursuant to Rule 12 of the Federal Rules of Civil Procedure a defendant has 21 days to serve a responsive pleading. In other words, DSW Shoe, Inc. had until December 24, 2014 to respond to the Complaint. As Defendant filed its Motion to Dismiss on December 24, 2014, Defendant timely responded to the Complaint. (Dkt. 7.)

B. <u>Attorneys' Fees</u>

Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctionable conduct occurs when an attorney engages in "unreasonable and vexatious" conduct; and the "unreasonable and vexatious conduct" multiplies the proceedings. *Amlong & Amlong, P.A. v. Denny's, Inc.,* 457 F.3d 1180, 1189-90 (11th Cir. 2006). Any attorney fees awarded must be related to the conduct which multiplied the proceedings. *Id.* An attorney is considered to have acted "unreasonably and vexatiously" where he/she acts in bad faith. *Id.* at 1190. In determining whether an attorney's conduct is such that sanctions are required, the court must objectively consider whether the attorney acted as a reasonable attorney and whether such conduct was objectively vexations. *Id.* Where an attorney knowingly or recklessly pursues a frivolous claim, this conduct is enough to warrant sanctions. *Id* at. 1191.

Plaintiff's counsel should never have filed the motion for default judgment, and at the very least, should have withdrawn the motion. First, Plaintiff failed to disclose to the Court that his initial attempt to serve Defendant was rejected because he did not serve the proper registered agent for the corporation listed in the

7

service of summons.  Second, Plaintiff concealed from the Court that he re-served the Complaint on December 3, 2014 to a different entity.  Third, Plaintiff was told by Defendant that the service date listed with the Court was incorrect (which Plaintiff admitted) and sent Plaintiff an e-mail confirming this conversation.  Fourth, Defendant in a telephone hearing with the Court explained to Plaintiff (again) why Defendant was not in default.  Despite these facts, Plaintiff filed a frivolous motion for default judgment and refused to concede the issue.  Given Plaintiff's attempt to unreasonably increase the costs of this case on Defendant in responding to the Motion for Default Judgment, sanctions in the form of attorneys' fees under § 1927 are reasonable against Plaintiff's counsel.

## III.   Conclusion.

For the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's Motion for Default Judgment and order Plaintiff's counsel to pay Defendant's attorneys' fees.

Respectfully submitted this 30th day of January, 2015.

>
> */s/ Raanon Gal*
> Raanon Gal (Bar No. 100281)
> Taylor English Duma LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, Georgia 30339
> Tel: (770) 434-6868
> Fax: (770) 434-7376
> Email: Rgal@taylorenglish.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC LOFTON, | ] | |
| | ] | |
| Plaintiff | ] | |
| | ] | |
| v. | ] | Civil Action No.   1:14-cv-03640-ODE-GGB |
| | ] | |
| DESIGNER SHOE WAREHOUSE, INC., | ] | |
| | ] | |
| Defendant. | ] | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned hereby certifies that the foregoing is composed of Times New Roman, size 14, and is proportionately spaced.

/s/*Raanon Gal*
Raanon Gal
Email: rgal@taylorenglish.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC LOFTON, | ] | |
| | ] | |
| | ] | |
| Plaintiff | ] | |
| | ] | |
| v. | ] | Civil Action No.   1:14-cv-03640-ODE-GGB |
| | ] | |
| DESIGNER SHOE WAREHOUSE, INC., | ] | |
| | ] | |
| Defendant. | ] | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of *DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT* was served on this date via the Court's CM/ECF system, which will provide a copy to counsel below:

> G. Anthony Hall, Esq.
> 807 Winters Park Drive
> Doraville, Georgia 30360

Dated:   January 30, 2015

> /s/*Raanon Gal*
> Raanon Gal
> Email: rgal@taylorenglish.com

10