```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

| | | |
|---|---|---|
| CEDRIC LOFTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | 1:14-cv-3640-ODE-GGB |
| DSW SHOE Warehouse, | * | |
| INC., | * | |
| | * | |
| | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S REPLY TO DEFENDANT'S NOTICE OF FEES FROM APRIL 30, 2015 COURT ORDER**

Comes Now, Plaintiff Cedric Lofton, by and through his undersigned counsel, and states to the Court the following:

## I. INTRODUCTION

This current matter pertains to an unintentional naming error. On November 25, 2014, Plaintiff's counsel served Defendant with a summons made out to "Designer Shoe Warehouse, Inc." instead of its official corporate name of "DSW Shoe Warehouse, Inc." (Doc. 16 at 2) After

receiving a rejection of service letter, Plaintiff reserved Defendant. Because Plaintiff believed that his first service was valid, Plaintiff filed a Motion for Default Judgment twenty-eight (28) days after the first service.

At no point did Plaintiff or Plaintiff's counsel act to intentionally harm or undermine the legal process. As such, in deciding what fees to grant Defendant for responding to Plaintiff's Motion for Default, Plaintiff requests that the court considers the following: 1) the lack of subjective intent on the part of Plaintiff or his attorney to engage in bad faith conduct; 2) the excessive and redundant attorneys' fees listed in Defendant's fee sheet; and 3) the stark difference in experience between Plaintiff's counsel and Defendant's lawyers.

## II.  ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff's Counsel Did Not Act With Subjective Bad Faith By Filing Plaintiff's Default Judgment.

When considering 28 U.S.C. § 1927 sanctions, a Court must consider "the good faith or bad faith of the

offender," and "the degree of willfulness, vindictiveness, negligence or frivolousness involved in the offense." Odyssey Marine Exploration, Inc. v. Vessel, 979 F.Supp.2d 1270, 1279 (M.D. Fla., 2013).[1]

Here, Plaintiff did not file the Motion for Default with subjective bad faith or willful vindictiveness. Plaintiff believed that the naming mix-up did not invalidate his November 25, 2014 service. Plaintiff believed that the naming discrepancy presented a valid and contestable legal issue for the Court to decide.

In the Court's Report and Recommendation, the Court noted that "I assume that, subjectively, counsel believed that the initial service was proper." (Doc. 16 at 9.) Although the Court's determination was contrary to Plaintiff's belief, Plaintiff did provide valid case law demonstrating that courts have held differently in similar cases with slight naming errors during service

---

[1] In Odyssey Marine, the Court noted that courts use the non-exhaustive list of factors that the Advisory Committee created for assessing Rule 11 violations in assessing bad faith 28 U.S.C. § 1927 sanctions. 979 F.Supp.2d at 1279.

of process. (See Doc. 15 at 4) Accordingly, Plaintiff asks that the Court consider his lack of subjective bad faith and his lack of subjective vindictiveness under the principal that "sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person." Odyssey Marine, 979 F.Supp.2d at 1279.

**B. Defendant's Lawyers Have Not Provided "Satisfactory Evidence" That Their Hourly Rate Is Reasonably In Line With Prevailing Market Rates.**

Under 28 U.S.C. § 1927, a party requesting attorneys' fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).[2]

In determining a lawyer's hourly rate, the applicant bears the burden of producing "satisfactory evidence" that his hourly rate is reasonably in line with prevailing market rates. Norman v. Housing Auth. of

---

[2] Please note that Norman dealt with awarding attorneys' fees under a 42 U.S.C. § 1988 application, but the same criteria to evaluate reasonable attorneys' fees applies here.

-4-

Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Here, Defendant's lawyers did not produce satisfactory evidence that their $295.00 per hour fee is in line with prevailing market rates. One of Defendant's lawyers simply provided an affidavit and a fee sheet stating what their hourly fee is, absent any context to substantiate the hourly rates billed. (Doc. 20.)

The Eleventh Circuit has noted that satisfactory evidence of a lawyer's hourly rate "at a minimum is more than the affidavit of the attorney performing the work." Norman, at 1299. Satisfactory evidence to justify a lawyer's hourly rate "necessarily must speak to rates actually billed and paid in similar lawsuits...[t]estimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." Id. The Court requires that evidence of a satisfactory hourly rate "be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion

evidence." Id. Defendant's fee notice lacks these requirements.

Also, the Defendant is seeking attorneys' fees for two attorneys, but only one of the attorneys has included an affidavit. (Doc. 20) In the fee sheet, the hourly rate for the firm's founding partner is the equivalent rate as the hourly rate for the associate, without satisfactory evidence substantiating the hourly rates.

C. **Defendant's Attorneys' Fees Includes Excessive And Redundant Fees.**

The US Supreme Court has required that a party seeking attorneys' fees only be awarded hours that are "reasonable." Henseley v. Eckerhart, 461 U.S. 424 (1983). Further, the Court requires a fee applicant to exercise "billing judgment" and remove excessive and redundant fees from the amount requested. Henseley, 461 U.S. at 434. The purpose of "billing judgment" is to reduce charges to what a law firm would actually bill the client in good conscience. Id.

Here, Defendant's attorneys' fees request includes excessive and redundant fees. The Eleventh Circuit has noted that "[r]edundant hours generally occur where more than one attorney represents a client." <u>Norman</u>, at 1302. Here, Defendant's exhibit states that it used two attorneys to respond to Plaintiff's Default Motion. (Doc. 20) Plaintiff believes that including two attorneys on this matter is excessive, and requests that the Court exclude all fees charged from attorney Marc Taylor. Particularly, the January 6th and 7th charges from Marc Taylor are identical, redundant, and should be removed.

Also, the Judge's Order only allowed Defendant to request fees sought in preparing and filing its response to Plaintiff's Motion for Default. (Doc. 20 at 10) However, Defendant's fee sheet includes fees related to Defendant's Motion to Dismiss and other miscellaneous events. <u>See</u> <u>Doc. 20 Events 1/6/15, 1/7/15, 1/8/15, 5/12/15</u>. Particularly, the January 6, 2015 fee includes "analysis of Plaintiff's response to motion to dismiss…"

and a January 8, 2015 1.3 hour "telephone conference with client regarding case status update." Also, Defendant's May 12, 2015 fee is not related to responding to Plaintiff's default motion.

Plaintiff also believes that some of Defendant's bills are related to Defendant's Motion to Dismiss. Notably, Plaintiff filed his Response to Defendant's *Motion to Dismiss* on January 6, 2015. Defendant's counsel's time sheet denotes that their lawyers spent five (5) hours within the next three (3) days responding to Plaintiff's *Motion for Default*. Plaintiff asks that the Court examine this time in greater detail and ultimately reject these charges as redundant and excessive. See eg. Doc. 30 Ex A 1/8/2015 "Telephone conference with client regarding case status update."

Plaintiff also requests that the Court deny Defendant's request for time spent on a January 23, 2015 telephone hearing with the Court. Defendant requested the hearing on January 8, 2015, but the telephone hearing

was of no value because Defendant's counsel failed to email the Court any of its exhibits beforehand, which prevented the Court from having adequate grounds to make a decision during the telephone hearing.

Lastly, Plaintiff submits that the 17.0 hours spent responding to Plaintiff's Motion for Default was excessive and redundant under Henseley. See Henseley, 461 U.S. at 434. Given the novel nature of a Motion for Default, spending 17.0 hours between two lawyers is excessive, redundant, and does not include the proper billing judgment that one would actually charge a client for responding. In filing and preparing for the same Motion, Plaintiff's counsel has only spent 7.2 hours. See Ptf's Ex. 1. Accordingly, Plaintiff asserts that five to seven hours is a reasonable range of time that should have been spent preparing and filing a response to Plaintiff's default Motion.

## D. The Court Should Consider the Experience of the Offender When Deciding Whether to Award Fees.

In deciding what fee, if any, to impose the Court must balance all equitable factors to include "the knowledge, experience, and expertise of the offender."[3] Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 16(D)(1), 278-80 (4th. ed.2008). Here, it is noteworthy that this suit was Plaintiff's counsel's first federal lawsuit filed thirteen (13) months after being first admitted to the practice of law. Although it is not Plaintiff's counsel's intention to make excuses, the experience of the offender is relevant when imposing fees under Rule 11 or § 1927. Id. Here, the lack of extensive experience goes to Plaintiff's assertion that he lacked willful vindictiveness or subjective bad faith in filing the default motion. Plaintiff's counsel subjectively believed that the November 25, 2014 service was valid. Again, Plaintiff's

---

[3] See also Odyssey v. Unidentified Shipwrecked Vessel, 979 F.Supp.2d 1270, 1279 (M.D. Tampa FL 2013) (noting that the extensive list of equitable factors that courts consider in Rule 11 proceedings also applies to bad faith proceedings).

-10-

counsel is not attempting to use the difference in experience as an excuse, but Plaintiff believes it is important to provide context and that the Court consider the experience difference in its decision in awarding fees.

### III. CONCLUSION

For the above-referenced reasons, Plaintiff and Plaintiff's counsel requests that Defendant's Order Seeking Fees be denied in its entirety, or reduced to an amount that is reasonable under the circumstances and balances all relevant equities.

Respectfully submitted this **27th** day of **May 2015**.

**THE LAW OFFICE OF ANTHONY HALL, LLC**

s/K. Anthony Hall
G. Anthony Hall
Attorney at Law
Georgia Bar No. 875669

Please serve:
G. Anthony Hall
THE LAW OFFICE OF ANTHONY HALL, LLC
807 Winters Park Drive
Doraville, Georgia 30360
Telephone: (404) 804-2898
Fax: (678)669-2962
Email: AnthonyHallUsa@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2015, I electronically filed **PLAINTIFF'S REPLY TO DEFENDANT'S NOTICE OF FEES FROM APRIL 30, 2015 COURT ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such to the attorneys of record to the following address:

Taylor English Duma, LLP
Rannon Gal, Esq.
Marc Andre Taylor, Esq.
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339

This 27th day of May 2015.

**THE LAW OFFICE OF ANTHONY HALL, LLC**
**By:** s/K. Anthony Hall
G. Anthony Hall
Attorney at Law
Georgia Bar No. 875669

## **LOCAL RULE CERTIFICATION**

The undersigned counsel attest that this document was prepared in Courier New, 14-point font that complies with Local Rule 5.1.

This 27th day of May 2015.

**THE LAW OFFICE OF ANTHONY HALL, LLC**

**By:** s/K. Anthony Hall
G. Anthony Hall
Attorney at Law
Georgia Bar No. 875669