IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CEDRIC LOFTON, | |
|     Plaintiff, | CIVIL ACTION FILE |
| v. | 1:14-cv-3640-ODE-GGB |
| DSW SHOE WAREHOUSE, INC., | |
|     Defendant. | |

## ORDER

    This case is before the Court for a determination of the appropriate amount of sanctions against Plaintiff's counsel, Gabriel Anthony Hall. I previously recommended, and District Judge Evans ordered, that Plaintiff's counsel be sanctioned in the form of attorneys' fees for pursuing a frivolous motion for default judgment that amounted to objective bad faith. (Docs. 16, 18). In my report, I stated that any award of sanctions would be limited to Defendant's costs in preparing and filing its response to the default judgment motion.

    Defense counsel, Raanon Gal, has submitted, on behalf of him and his co-counsel, Marc Andre Taylor, a declaration and records of their services and the time spent on those services in responding to the default judgment motion. Plaintiff objects to both the number of hours and the hourly rate charged by defense counsel. I find that defense counsel's requested hourly rate is reasonable, but that not all

requested hours should be included in the sanction award. Accordingly, Plaintiff's counsel is **ORDERED** to pay defense counsel $2,802.50 in sanctions within thirty (30) days of the entry of this order.

I.   **The standard for determining the amount of sanctions**

The amount of a sanction under 28 U.S.C. § 1927 cannot exceed the costs occasioned by the improper conduct. Norelus v. Denny's, Inc., 628 F.3d 1270, 1281 (11th Cir. 2010). The Eleventh Circuit has implied that, where some of party's conduct is sanctionable and other conduct is not, sanctions are limited to the costs "reasonably and exclusively incurred" in furthering the sanctionable conduct. See Quintana v. Jenne, 414 F.3d 1306, 1312 (11th Cir. 2005) (remanding, after determining that only one of plaintiff's claims was objectively frivolous, for the district court to determine the amount of sanctions appropriate for that one claim). A district court may, at its discretion, include costs associated with pursuing sanctions under § 1927 in determining the amount of the sanction award. Norelus, 628 F.3d at 1302.

II.  **Defense counsel's hourly rate of $295 is reasonable**

Plaintiff argues that defense counsel have failed to meet their burden of establishing that their hourly rate for their requested fees is reasonable. (See Doc.

21 at 4-6). To establish that Defendant has such a burden, Plaintiff cites to <u>Am. Civil Liberties Union of Ga. v. Barnes</u>, 168 F.3d 423 (11th Cir. 1999), and <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988). As Plaintiff acknowledges, both <u>Barnes</u> and <u>Norman</u> involved a fee-shifting provision in civil rights cases under 42 U.S.C. § 1988. Plaintiff asserts, without citing any authority, that the same standards apply to sanctions imposed under 28 U.S.C. § 1927.

It is not clear that the same standard should apply in both circumstances. The two statutes, 42 U.S.C. § 1988 and 28 U.S.C. § 1927, serve different purposes in allowing for the recovery of fees. Section 1988 was enacted to make it possible for people to vindicate their civil rights even if they are without means. <u>Perdue v. Kenny A. ex rel. Wynn</u>, 559 U.S. 542, 559, 130 S.Ct. 1662, 1676-77, 176 L.Ed.2d 494 (2010). Section 1927 was designed to sanction attorneys for willfully abusing the judicial process. <u>Schwartz v. Millon Air, Inc.</u>, 341 F.3d 1220, 1225 (11th Cir. 2003). In other words, fees under § 1988 are intended to compensate attorneys for work they might not otherwise be adequately paid for; sanctions under § 1927 are intended to be punitive, and to reimburse a party for work it ought not to have been required to do. Further, fees under § 1988 must be sufficient to induce a capable attorney to undertake civil rights work, but not so excessive as to "improve the

3

financial lot of attorneys." Perdue, 556 U.S. at 552, 130 S.Ct. at 1673. Sanctions, on the other hand, act as a deterrent. See Norelus, 628 F.3d at 1299. In context, it makes more sense to emphasize market rate under § 1988, and actual costs under § 1927.

Even assuming that the same standard applies, I find that defense counsel's evidence of the hourly rate that should be reimbursed is sufficient. Plaintiff emphasizes Norman's holding that, in presenting evidence that the requested rate is in line with prevailing market rates, the party needed "more than the affidavit of the attorney performing the work." 836 F.2d at 1299. Later cases, applying Norman, have held that an attorney's affidavit of the rate he actually charges, while constituting "sparse" evidence standing alone, could support a finding of a reasonable rate. Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000). Dillard went as far as to say that evidence of what an attorney actually charges "is powerful, and perhaps the best, evidence of his market rate." Id. at 1354.

Based on Dillard, it seems clear that the Court in Norman meant that a lawyer's affidavit regarding his opinion of reasonable market rate, standing alone, would be insufficient to support an award of fees. However, the attorney's affidavit

4

concerning his actual charged rate (at least where there is no evidence that the rate was negotiated with an eye towards later recovery) can be sufficient. Moreover, even with inadequate evidence as to a reasonable fee, the Court itself is an expert on what a reasonable fee is, and can reach a conclusion without the need to take additional evidence. See Norman, 836 F.2d at 1303.

Here, on the face of his notice, defense counsel states that the hourly rate for both him and his co-counsel is $295. (Doc. 20 at 1). An exhibit, attached as part of his affidavit, also reflects their hourly rate as $295. (Doc. 20-1). In his reply, counsel points to one case in which this Court has approved a rate significantly higher than their rate. (Doc. 22); see Zimmerman v. Suntrust Bank, No. 1:09-cv-2116, 2011 WL 6778541 (N.D. Ga. Dec. 22, 2011) (setting attorneys' hourly rates at $450). I also independently note several cases in this District where hourly rates equal to or greater than the rate requested here have been found to be reasonable. See, e.g., DeKalb Med. Ctr., Inc. v. Specialties & Paper Prods. Union No. 527 Health and Welfare Fund, No. 1:13-cv-343, 2015 WL 4231774 (N.D. Ga. July 13, 2015); Eason v. Bridgewater & Assocs., Inc., No. 1:11-cv-2772, 2015 WL 3617080 (N.D. Ga. June 9, 2015).

5

In light of the above, I find $295 to be a reasonable hourly rate in calculating the fees owed as part of Plaintiff's sanctions. Defense counsel state that is the rate they actually charge clients. Further, similar and greater hourly rates have recently been approved by this Court. While Dillard suggests that prior-award evidence cannot, by itself, overcome evidence of the rate actually charged, 213 F.3d at 1354-55, there is no reason why it cannot be used to confirm the reasonableness of a charged rate.

### III.  Only a portion of the requested hours will be awarded as sanctions

Plaintiff argues that some of the fees requested by defense counsel include excessive and redundant fees. He asserts that some of the fees are redundant because two lawyers worked on the same thing and that some of the fees concerned documents not related to the motion for default. (Doc. 21 at 7-8). He asks the Court to discount the time spent during a telephone hearing, asserting that the hearing was of no value because of Defendant's failure to provide the parties with exhibits before the hearing. (Id. at 8-9). He also argues that, as he spent 7.2 hours preparing the motion for default judgment, between five and seven hours would have been reasonable to work on the response. (Id. at 9).

AO 72A
(Rev.8/82)

Defendant responds that none of counsel's efforts were duplicated. (Doc. 22 at 2). He also asserts that the telephone hearing did not achieve a result because Plaintiff requested a written response. (Id.).

Plaintiff is partially correct in his objections in that it appears that not all of the time cited by defense counsel was spent in responding to the default judgment motion. While it is within my discretion to award fees spent pursuing sanctions, I decline to do so here. See Norelus, 628 F.3d at 1302. Plaintiff's counsel did not object to the imposition of sanctions against him before me or the district court. Accordingly, I find it appropriate not to further punish him by requiring him to pay for opposing counsel's pursuit of fees.

With that in mind, I make the following findings regarding the time chargeable to Plaintiff's counsel. Defendant requests .8 hours on January 6, 2015, for reviewing both a response to the motion to dismiss and motion for default judgment. (Doc. 20-1). I cannot, on the face of the evidence, determine how much time counsel spent responding to each motion. While I recognize that Plaintiff's response to the motion to dismiss also discussed Defendant's alleged default, (see Doc. 9), I will give Plaintiff's counsel the benefit of the doubt in excluding these .8 hours from his sanctions.

I will, however, include the time spent in a telephone conference with the Court in the sanctions. The telephone conference exclusively concerned Plaintiff's motion for a default judgment, and was requested by the Defendant to avoid the costs of filing a written response. Contrary to Plaintiff's contention, having reviewed the recording of the hearing, any failure of the Defendant to produce exhibits sufficiently in advance of the telephone hearing was not the reason that the Court could not resolve the motion during the hearing. Rather, no resolution could be reached because Plaintiff's counsel insisted that Defendant respond to the motion in writing so that he could reply to any legal arguments.

On January 27, 2015, Defendant lists 2.6 hours spent researching and analyzing case law and drafting a response to the motion for default. (Doc. 20-1). Defendant, however, cited no case law in responding to the default motion, and only did so in pursuit of attorney's fees. (See Doc. 13). Accordingly, again giving Plaintiff's counsel the benefit of the doubt, I will not include these 2.6 hours in determining sanctions. Similarly, as the written response for the motion for default was split between opposing a default judgment and seeking fees under § 1927, I will find that half of the time spent on the response is compensable, and reduce another 2.6 hours from defense counsel's requested fees. (See Docs. 13, 20-1).

On May 12, 2015, defense counsel spent 1.5 hours drafting the notice of fees in response to the order for sanctions. (Doc. 20-1). As I stated above, I am exercising my discretion not to include those hours in Plaintiff's counsel's sanctions.

The remaining time spent working on responding to the default totals 9.5 hours. I find that to be a reasonable amount of time for defense counsel to have spent responding to Plaintiff's frivolous motion for default judgment.

**IV.  To the extent that the Court has the authority to further reduce the amount of sanctions, I find that no such reduction is warranted**

Plaintiff's counsel asserts that the amount of sanctions should be limited to the amount reasonably necessary to deter repetition of the offending conduct. (Doc. 21 at 4). In that light, he asks the Court to consider his lack of subjective bad faith and vindictiveness in pursuing a default judgment in arriving at an amount of sanctions. (Id. at 2-4).

Plaintiff cites to a district court case for the proposition that, in imposing § 1927 sanctions, the amount of sanctions may be reduced beyond the amount of the opposing party's costs. See Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 979 F. Supp. 2d 1270 (M.D. Fla. 2013). In reaching that holding, the Court in Odyssey Marine relied on principles governing Rule 11

9

sanctions. See id. at 1279. Rule 11 contains an explicit provision limiting sanctions to those necessary for deterrence, see Fed.R.Civ.P. 11(c)(4), but § 1927 does not. The Eleventh Circuit does not appear to have reached a holding on whether § 1927 sanctions may be reduced below costs, and other Circuits appear split on the issue. See Haynes v. City and County of S.F., 688 F.3d 984, 988 (9th Cir. 2012) (holding that reduction is allowed based on attorney's inability to pay); Hamilton v. Boise Cascade Exp., 519 F.3d 1197, 1205-06 (10th Cir. 2008) (holding that, because the aim of § 1927 is compensatory, a reduction below the additional costs caused by the offending party is not authorized by the statute). The fact that, as discussed earlier, the Eleventh Circuit tends to view § 1927 sanctions as penal in nature, could suggest that it would more likely than not adopt a principle similar to that applied in Rule 11. However, I need not decide that issue here, as I find that, in light of the hours reduced from defense counsel's initial request, the amount of remaining fees constitute a reasonable and equitable deterrent for Plaintiff's counsel's conduct.

## V.  Conclusion

In light of the above, I find that sanctions are appropriate against Plaintiff's counsel for 9.5 hours of defense counsel's work at a rate of $295 per hour. Accordingly, I **ORDER** that Plaintiff's counsel pay sanctions under § 1927 in the

AO 72A
(Rev.8/82)

amount of $2,802.50 in favor of defense counsel within 30 days of the entry of this order. There are no further issues pending before the Court. The clerk is **DIRECTED** to administratively close this case. Should an issue arise in the payment of the sanctions, or if the parties request an extension, they may move to reopen the case.

  IT IS SO ORDERED this 17th day of August, 2015.

              _Gerrilyn G. Brill_
              GERRILYN G. BRILL
              UNITED STATES MAGISTRATE JUDGE